IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, § § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. _____ | |
| SANDRA A. RATLIFF, § § § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), as assignee and subrogee of Goldthwaite Bancshares, Inc. ("GB" or the "Bank"), files this Plaintiff's Original Complaint against Defendant Sandra A. Ratliff and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Travelers is a Connecticut corporation engaged in the business of insurance and is licensed to do business in the state of Texas and whose principal place of business is one Tower Square Hartford, Connecticut 06183. Travelers is a citizen of the State of Connecticut.

2. Defendant Sandra A. Ratliff, on information and belief, is an individual who resides in the State of Texas and who can be served at 1023 Inez St., Early, Texas 76802. On information and belief, Defendant is a citizen of the State of Texas.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Travelers is a citizen of Connecticut, and Defendant is a citizen of Texas. There is complete

diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in the Northern District of Texas.

### III.
### FACTUAL BACKGROUND

5. GB operates four banks in central Texas under the name MCBank, including the location at 411 Early Blvd in Early, Texas.

6. On September 26, 2022, Defendant Sandra Ratliff deposited a $100,000 cashier's check drawn on TD Bank at the Early, Texas MCBank location. A true and correct copy of the cashier's check is attached hereto as Exhibit A and incorporated herein by reference. The Bank verified the payee name, the remitter's name, and the amount with TD Bank before accepting the check. After accepting it, the Bank issued Ratliff a receipt reflecting her new balance of $100,219.16.

7. Later that day as GB personnel were processing checks, Ratliff's check was erroneously processed as $1,000,000 instead of $100,000. Ratliff's online account was updated to reflect this erroneous amount.

8. On September 28, 2022, as soon as the Bank opened its doors, Ratliff returned to the Early branch of MCBank to request a wire transfer of $977,000 to her Coinbase cryptocurrency account even though she must have known that her account should not have that much money in it. A true and correct copy of the wire transfer request is attached hereto as Exhibit B and incorporated herein by reference.

9. After completing the wire transfer, GB personnel learned about the check processing error from TD Bank. GB immediately attempted to recall the $977,000 through the Federal Reserve's Fedwire platform and by contacting Ratliff and Coinbase. But the Federal Reserve had already completed the transfer to Coinbase, and by the time Coinbase customer service finally agreed to freeze Ratliff's account, the money was gone. A true and correct copy of the Federal Reserve's recall message is attached hereto as Exhibit C and incorporated herein by reference.

10. Ratliff requested the wire transfer on the advice of her "investment advisor" who had access to her online MCBank and Coinbase accounts. This "advisor" transferred all of the money out of the Coinbase account and disappeared.

11. TD Bank credited GB the $100,000 from the cashier's check, but GB was left with a loss of $877,000.

12. GB submitted a claim to its insurer, Travelers, which had issued a policy of insurance to GB that covered losses sustained as a direct result of theft on the insured's premises.

13. On February 1, 2023, Travelers paid $827,000—the amount of loss less the $50,000 deductible—to GB under the policy. In consideration of this payment, GB executed a release and assignment, which assigned all of GB's claims, rights, demands and causes of action against Ratliff to Travelers. A true and correct copy of the release and assignment is attached hereto as Exhibit D and incorporated herein by reference.

14. On March 3 and May 8, 2023, Travelers, as assignee and subrogee of GB, demanded that Ratliff return to it the total of $827,000, satisfying any conditions precedent to Travelers's right to sue. To date, Ratliff has ignored Travelers' demands.

## IV.
## CAUSES OF ACTION

### COUNT 1
### CONVERSION

15. Travelers incorporates herein by reference paragraphs 1 through 14 of this Original Complaint as though specifically alleged herein.

16. Ratliff misappropriated funds from GB, thereby unlawfully exercising dominion and control over GB's money, and Ratliff concealed her actions by and through deceptive means.

17. As a direct and proximate result of Ratliff's misappropriation, GB suffered losses of $827,000.

18. Travelers, as the assignee and subrogee of GB, is entitled to recover from Ratliff the actual damages resulting from the unlawful conversion in the amount of $827,000, for which it now sues.

19. Further, the acts of Ratliff were committed intentionally with fraud and malice. Accordingly, Travelers, as the assignee and subrogee of GB, is entitled to recover exemplary damages from Ratliff, for which it now sues.

### COUNT 2
### TEXAS THEFT LIABILITY ACT

20. Travelers incorporates herein by reference paragraphs 1 through 19 of this Original Complaint as though specifically alleged herein.

21. Ratliff unlawfully misappropriated GB's money with the intent to deprive GB of its money and refused to surrender possession of GB's money when specifically and rightfully requested by Travelers to do so. As such, Ratliff's acts constitute a violation of the Texas Theft Liability Act, Section 134 of the Texas Civil Practice & Remedies Code

22. As a direct and proximate result of Ratliff's theft, she is liable to Travelers, as the assignee and subrogee of GB, for the amount of $827,000, and additional damages of up to $1,000, if awarded, together with court costs and reasonable and necessary attorneys' fees, as provided by the Texas Theft Liability Act, Section 134 of the Texas Civil Practice & Remedies Code, for which it now sues.

### COUNT 3
### FRAUD

23. Travelers incorporates herein by reference paragraphs 1 through 22 of this Original Complaint as though specifically alleged herein.

24. Ratliff's actions described above constitute fraud upon GB.

25. Ratliff knowingly misrepresented to GB's employees that she was the rightful owner of the $977,000 she wired to her Coinbase account. These representations were false because the Ratliff knew she had not deposited that money in her account and dishonestly acted as if she had.

26. These unlawful misrepresentations were material because GB would never have paid the invoices had it known that the invoices were falsified or inflated and that no services were rendered, and less money was owed.

27. GB relied on Ratliff's material misrepresentations to its detriment.

28. As a direct and proximate cause of such material misrepresentations, GB was defrauded and damaged in the amount of the funds stolen by Ratliff.

29. Travelers, as the assignee and subrogee of GB, has been damaged in the amount of $827,000, for which it now sues.

30. Further, the actions of Ratliff were committed with actual malice. Accordingly, Travelers, as the assignee and subrogee of GB, is entitled to recover exemplary damages from Ratliff, for which it now sues.

### COUNT 4
### UNJUST ENRICHMENT

31. Travelers incorporates herein by reference paragraphs 1 through 30 of this Original Complaint as though specifically alleged herein.

32. Defendant has been unjustly enriched because she willfully, intentionally, illegally or improperly obtained money from GB.

33. In equity, Defendant should bear the ultimate responsibility for the loss incurred by GB due to their willful, wanton, intentional, and illegal conduct.

34. Despite demand, Ratliff has wrongfully withheld money that belongs to Travelers as assignee and subrogee of GB.

35. As a result, Defendant will be unjustly enriched if allowed to retain such property.

36. Travelers, as the assignee and subrogee of GB, seeks relief under the equitable doctrine of unjust enrichment. Accordingly, Travelers seeks its actual damages resulting from the Defendant's willful, wanton, intentional, or illegal conduct and its payment of the loss.

### COUNT 5
### MONEY HAD AND RECEIVED

37. Travelers incorporates herein by reference paragraphs 1 through 36 of this Original Complaint as though specifically alleged herein.

38. By Ratliff's actions, she now holds money that in equity and good conscience belongs to Travelers. Therefore, Defendant should be liable to Travelers for its damages suffered as a result of her actions.

## COUNT 6
## ATTORNEYS' FEES

39. Travelers incorporates herein by reference paragraphs 1 through 38 of this Original Complaint as though specifically alleged herein.

40. Travelers has demanded that Ratliff reimburse Travelers for the amounts it paid to GB, but she has failed to do so.

41. As a result of Ratliff's actions and failure to remit these funds as requested, Travelers has been required to retain counsel to prosecute its claims against her and has agreed to pay Clark Hill a reasonable attorneys' fee for its services.

42. Accordingly, pursuant to the Texas Theft Liability Act, Texas Civil Practice and Remedies Code § 134.005(b), Travelers is entitled to recover from Ratliff the reasonable attorneys' fees incurred herein, for which Travelers now sues.

## V.
## PRAYER FOR RELIEF

Wherefore, Travelers respectfully requests that Defendant Sandra Ratliff be cited to appear and answer, and that judgment be issued in favor of Travelers as follows:

a) Against Ratliff in the principal sum of $827,000, plus prejudgment and post-judgment interest until paid;

b) Against Ratliff for exemplary damages;

c) Against Ratliff for Travelers's reasonable and necessary attorneys' fees and costs;

d) For all costs of court; and

e) Such other and further relief to which Travelers may be justly entitled.

Respectfully submitted,

*/s/ Michael Keeley*
MICHAEL KEELEY
Texas Bar No. 24098954
mkeeley@clarkhill.com
P. AUSTIN BRAKEBILL
Texas Bar No. 24116124
abrakebill@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone:     (214) 651-4551
Facsimile:     (214) 659-4044
**ATTORNEYS FOR PLAINTIFF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**